# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| SHAUN JOHNSON, | ) | |
| | ) | Case No. 3:18-cv-539 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| SUSAN O'CONNOR et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Before the Court is a *pro se* prisoner's complaint filed under 42 U.S.C. § 1983, for screening pursuant to the Prison Litigation Reform Act ("PLRA") (Doc. 2). For the reasons set forth below, Plaintiff shall have thirty days from the date of entry of this order to file an amended complaint.

## I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, dismiss *sua sponte* any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). The dismissal standard articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arise from injuries he sustained while on suicide watch at Morgan County Correctional Complex ("MCCX"). (Doc. 1, at 2–4.) Defendants are eight medical and mental health professionals who worked at MCCX. (*Id.* at 3.) Plaintiff alleges that Defendants Susan O'Connor, Sherlean Lightbolt, Eda Kicki-Brock, Emily Olroyd, Carla Tipton, Jennifer Conner, and Lynndy Houston-Fagan "knowingly . . . allowed correctional officers" to supervise Plaintiff and other inmates on suicide watch. (*Id.* at 3–4.) Plaintiff alleges that he "told medical and mental health that the officers working in the infirmary [were] allowing [Plaintiff] and other inmates on suicide watch" to harm and even kill themselves, while "saying nothing [could] be done" to remedy the situation. (*Id.* at 4.) Plaintiff indicates that inmates on suicide watch are "suppose[d] to be" monitored by medical and mental health professionals. (*Id.*) In his prayer for relief, Plaintiff refers to correctional officers' supervision of inmates on suicide watch as a violation of "Code of Conduct, Procedure, Policy Regulations & guidelines of Medical & Mental Health[.]" (*Id.* at 5.)

2

Plaintiff's statement of his claim does not mention Defendant Karen Lambeth, nor refer to her title of Therapist. (*Id.* at 3.)

Plaintiff asks the Court to enjoin Defendants from violating his constitutional rights and institutional policies by allowing correctional officers, rather than mental-health professionals, to supervise inmates on suicide watch. (*Id.* at 4.)

## III. ANALYSIS

To state a claim under 42 U.S.C. § 1983 claim, Plaintiff must plausibly allege: (1) that he was deprived of a federal right, (2) by a person acting under color of state law. *Braley*, 906 F.2d at 223. Actions brought by convicted prisoners under § 1983 may allege deprivations of rights protected by the Eighth Amendment. The Eighth Amendment guarantees to convicted prisoners "a right to medical care for serious medical needs, including psychological needs." *Cooper v. Cty. of Washtenaw*, 222 F. App'x 459, 464 (6th Cir. 2007) (quoting *Perez v. Oakland Cty.*, 466 F.3d 416, 423 (6th Cir. 2006)). Prison officials violate that right when they are deliberately indifferent to the medical needs of those with known suicidal tendencies. *See id.* at 465. A plaintiff "must show that [each] defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct." *Williams v. Hodge*, No. 3:08-0387, 2009 WL 47141, at *3 (M.D. Tenn. Jan. 7, 2009) (citing *Greene v. Barber*, 310 F.3d 889, 889 (6th Cir. 2002)).

As for Defendant Lambeth, Plaintiff's allegations neither mention her, nor her title of Therapist. (Doc. 1, at 3.) Plaintiff does not set forth sufficient information for the Court to infer that Lambeth was personally involved in the alleged violation of his rights. (*Id.*) Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to Lambeth.

The Court now turns to Plaintiff's allegations concerning the other seven defendants. Considering the first element and construing the complaint liberally, although Plaintiff does not mention the Eighth Amendment explicitly in his complaint, he essentially alleges that Defendants O'Connor, Lightbolt, Kicki-Brock, Olroyd, Tipton, Conner, and Houston-Fagan violated his Eighth Amendment rights by acting with deliberate indifference to his known risk of suicidal behavior by allowing him to be supervised by correctional officers while on suicide watch. (*See generally* Doc. 1.)

With respect to the second element, it appears that all eight defendants were either prison employees or contractors during the relevant time period. (*Id.* at 3.) Plaintiff has alleged that his risk of self-inflicted injury was greater without supervision by medical or mental health professionals, and that the seven defendants mentioned above allowed this risk to continue even after Plaintiff made them aware of it. (*See* Doc. 1, at 4.) Plaintiff alleges that they were personally involved in allowing him to be supervised only by non-medical professionals while on suicide watch. *See Williams*, 2009 WL 47141, at *3. However, each defendant can be held liable only for his or her actions, or failure to act, "while exercising his [or her] responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Without additional factual allegations, the Court does not find it plausible that these seven defendants, rather than the warden, have the authority to determine who supervises prisoners while they are on suicide watch.

In sum, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant. Nevertheless, the Court will allow Plaintiff thirty days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific

individual(s) who violated his constitutional rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.")

In order to survive screening, Plaintiff will have to allege sufficient facts for the Court to infer that the individuals he lists as defendants had authority over the deprivations of which he complains. Plaintiff add or remove defendants consistent with that goal. However, Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which do not relate back to the events described in his original complaint back under Rule 15, as any such claims may be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

2. Plaintiff has **thirty** days from the date of entry of this order to file an amended complaint;

3. Plaintiff is **NOTIFIED** that any amended complaint Plaintiff files will completely replace the previous complaint;

4. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action may be dismissed for failure to prosecute and to follow the orders of this Court; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a *pro se* party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**